UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| *In re:* | ) | CHAPTER 7 |
| | ) | |
| PARKER CHANDLER HOMES, LLC, | ) | CASE NO. 09-90334-mhm |
| | ) | |
| *Debtor*. | ) | Judge Margaret Murphy |
| | ) | |
| RBC REAL ESTATE FINANCE INC. | ) | |
| | ) | |
| *Movant,* | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| PARKER CHANDLER HOMES, LLC, | ) | |
| | ) | |
| *Respondent.* | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW RBC Real Estate Finance Inc., successor in interest to RBC Builder Finance, as successor by merger to Flag Bank ("**Lender**"), by and through undersigned counsel, and hereby files this Motion For Relief From The Automatic Stay (this "**Motion**") pursuant to 11 U.S.C. §§ 362 and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure. In support hereof, Lender respectfully states as follows:

### JURISDICTION

1. On November 13, 2009 (the "**Petition Date**"), Parker Chandler Homes, LLC, f/k/a Comstock Homes of Atlanta, LLC, f/k/a Parker-Chandler Homes, Inc. (the "**Debtor**") filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**").

2. Lender files this Motion pursuant to Section 362 of the Bankruptcy Code.

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a).

4.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

5.  On September 22, 2005, the Debtor executed and delivered to Lender that certain Construction Loan Note in the maximum principal amount of $177,750.00 (together with all prior Notes and as subsequently amended and/or modified, collectively, the "Note"). A true and correct copy of Note is attached hereto as Exhibit "A" and incorporated fully herein by reference.

6.  In connection with the Note and as an inducement therefor, the Debtor executed that certain Construction and/or Development Agreement dated September 22, 2005 (the "Construction Loan Agreement"). A true and correct copy of Construction Loan Agreement is attached hereto as Exhibit "B" and incorporated fully herein by reference.

7.  To secure repayment of the Note and as an inducement therefor, the Debtor executed that certain Deed to Secure Debt dated September 22, 2005 and recorded October 4, 2005 in Deed Book 3988, Pages 280-283, Forsyth County, Georgia official records (as modified from time to time, the "Security Deed"). A true and correct copy of Security Deed is attached hereto as Exhibit "C" and incorporated fully herein by reference.

8.  Pursuant to the Security Deed, the Debtor granted Lender a first priority security title, interest, and lien in and to certain real and personal property commonly described as Lot 36, Glenn Ivey Subdivision, Cumming, Forsyth County, Georgia (as more particularly described in the Security Deed, the "Property").

9. The Debtor is in default under the Note and Security Deed for, <u>inter</u> <u>alia</u>, the failure to make payments as and when due.

10. As of the Petition Date, the total amount due and owing under the Note is approximately $92,938.33.

**RELIEF REQUESTED**

11. By this Motion, Lender is seeking an Order granting immediate relief from the automatic stay allowing, but not requiring, Lender to exercise its rights and remedies under the Note and Security Deed, including without limitation, the foreclosure of its security title, interest, and lien in and to the Property.

**BASIS FOR RELIEF**

**The Automatic Stay Should Be Terminated And Annulled Pursuant To 11 U.S.C. § 362(d)(2) Based Upon The Debtor's Lack Of Equity In The Collateral And The Collateral Not Being Necessary To An Effective Reorganization.**

12. Lender requests that the Court enter an Order terminating and annulling the automatic stay imposed by Section 362(a) of the Bankruptcy Code due to the Debtor's lack of equity in the Property and the fact the Property is not necessary to an effective reorganization.

13. Upon information and belief, the Debtor maintains no equity in the Property.

14. The Property is not necessary to an effective reorganization. The Debtor has filed a Chapter 7 "no asset" bankruptcy case and thus no reorganization is intended.

15. Based upon the foregoing, Lender hereby requests that the Court terminate and annul the automatic stay effective immediately upon the entry of an Order granting this Motion as permitted by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

306735 v2

**WHEREFORE, PREMISES CONSIDERED,** Lender respectfully requests this Court to enter an Order:

A. Terminating and annulling the automatic stay imposed by Section 362(a) of the Bankruptcy Code effective immediately as permitted by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, to allow Lender to exercise all of its rights and remedies under the Note and Security Deed, including without limitation, the foreclosure of its security title, interest, and lien in and to the Property;

B. Granting Lender such other, further, and different relief that this Court deems just and proper.

Respectfully submitted on this 6th day of January, 2010.

**BURR & FORMAN LLP**

/s/Graham H. Stieglitz
Graham H. Stieglitz, Esq.
Georgia Bar No. 682047
Bryan T. Glover
Georgia Bar No. 993070
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, Georgia 30363
Phone: (404) 815-3000
Facsimile: (404) 817-3244
Email: gstiegli@burr.com
Email: bglover@burr.com

*Attorneys for RBC Real Estate Finance Inc.*

306735 v2

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| *In re:* | ) | CHAPTER 7 |
| | ) | |
| **PARKER CHANDLER HOMES, LLC,** | ) | **CASE NO. 09-90334-mhm** |
| | ) | |
| *Debtor*. | ) | **Judge Margaret Murphy** |
| | ) | |
| | ) | |
| **RBC REAL ESTATE FINANCE INC.** | ) | |
| | ) | |
| *Movant,* | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| **PARKER CHANDLER HOMES, LLC,** | ) | |
| | ) | |
| *Respondent.* | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing ***MOTION FOR RELIEF FROM THE AUTOMATIC STAY*** has been served upon the following persons served by electronic mail or regular mail upon the following:

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

Tamara Miles Ogier
Ellenberg, Ogier, Rothschild & Rosenfeld
170 Mitchell Street S.W.
Atlanta, GA 30303

/s/ Graham H. Stieglitz
Graham H. Stieglitz
Georgia Bar No. 682047

**Burr & Forman LLP**
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, Georgia  30363
(404) 815-3000 [dial]
(404) 817-3244 [telecopier]
gstiegli@burr.com

306735 v2

5